Bullard, J.
delivered the opinion of the court.
This is an action to recover possession of a hull alleged to be the property of the plaintiff, and who alleges further that the use and profit and hire of the hull is worth fifty cents per day, that he has sustained damages to the amount of five hundred dollars, and that the bull is worth one hundred dollars. There was a verdict for the restoration of the hull, and ten dollars damages. The plaintiff remitted the damages and judgment being rendered for the hull the defendant appealed.
[104] The counsel for the appellant has argued that the demand for heavy damages, independently of the hire and the value of the hull, is evidently fictitious and for the mere purpose of giving jurisdiction to this court in case of appeal. The petition does not state on what ground damages are claimed besides the value of his hire, and it is manifestly absurd to demand five hundred dollars damages for the mere detention of the animal estimated at only one hundred. The subsequent release of even a small amount of damages recovered confirms us in the belief that the claim was not serious. The case is strongly analogous to that of the Red River Railroad Company v. Williams, 16 La. Reports, 182, decided at the last term in the western district, in which we declared that we could not encourage such- attempts to evade the provisions of the constitution limiting the jurisdiction of this court.
It is therefore ordered that the appeal he dismissed with costs.