## No. 10,800.

### S. N. GOODRICH VS. HENRY NEWELL ET AL.

In the absence of evidence in the transcript from which it may be ascertained whether the demand is or not inflated, so as to confer jurisdiction on this court by asking more than $2000, and in the presence of a petition sworn to in which averments are made in support of a claim in excess of that sum, and which is uncontradicted, a motion to dismiss can not prevail on the ground of want of jurisdiction.

A judgment will be affirmed when the transcript contains no evidence, no statement of facts, no bill of exceptions and no assignment of error, and shows that the judgment was rendered, "the evidence and the law being in favor" of the party in whose favor it went.

APPEAL from the Seventeenth District Court for the Parish of East Baton Rouge. *Buckner, J.*

---

*J. & G. W. Burgess* for Plaintiff and Appellant:

In a suit to annul a judgment brought within a year from its·date the judgment attacked can not be pleaded as *res judicata.* 32 An. 13, Holbrook vs. Holbrook. Otherwise the action of nullity would be a farce and a mockery, since the existence of the judgment attacked (which alone gives the right and the occasion to the action of nullity) would be itself a bar to proceedings to annul it. In other words, the same fact, to-wit: the existence of the judgment would be at one and the same time the foundation and destruction of a right of action. 29 An 597, Edwards vs. Edwards.

Goodrich vs. Newell et al.

It is further to be considered that defendant offered no evidence to sustain his plea. He who alleges should sustain his allegation by proof. 1 Hennen, p. 495, Evidence 8, No. 4; 24 An. 288; 15 An. 493, 663.

### K. A. Cross for Defendants and Appellees:

Appellant must show jurisdiction affirmatively. 2 An. 293, 956; 3 An. 70; 4 An. 28, 366; 8 An. 282, 456; 12 An. 87; 33 An. 304. An appellant can not inflate his demand by a fictitious claim for damages. Bright vs. Thompson, 38 An. 801.

Injunction does not lie to cover defences available before judgment. 3 An. 125; 26 An. 42; 30 An. 230; 33 An. 333.

Action in nullity of judgment lies only when it is against good conscience to execute the judgment. 3 An. 646; 6 An. 799; 31 An. 213.

### ON MOTION TO DISMISS.

The opinion of the court was delivered by

BERMUDEZ, C. J. The defendant and appellee moves to dismiss, on the ground that the amount involved is less than $2000, and that in order to confer jurisdiction on this court the appellant has inflated his demand with a fictitious claim for damages.

In the absence of any evidence from which it could be ascertained whether the claim has been, or not, inflated, and as the petition is sworn to by the plaintiff therein, and states a claim exceeding $2000, the motion has no bottom to stand upon.

Motion denied.

### ON THE MERITS.

This is an injunction suit to arrest the execution of a judgment and to claim its nullity, with $2100 damages.

The plea of *res judicata* was filed in bar, tried and sustained.

The injunction was dissolved, with some damages as attorney's fees, and the demand of plaintiff in injunction was rejected, with costs.

It is from that judgment that this appeal is taken.

The transcript contains no evidence, statement of facts, bill of exceptions, or assignment of errors.

The judgment states that the cause came up regularly for trial, and the law and *evidence* being in favor of defendants and against plaintiff, by reason thereof it is ordered, adjudged and decreed that the suit be dismissed, the injunction dissolved, with $25 attorney's fees as damages, and costs.

It is impossible, on such a bald transcript, for this court to determine whether or not the judgment appealed from is correct. From its face it appears that evidence was adduced and considered sufficient to maintain the plea of *res judicata.*

A judgment appealed from is *prima facie* correct. It stands until reversed. It is reversed only when the facts and the law do not justify it. The presumption is that the proof established the defence. The appellant is at fault in not having put of record the judgment and pleadings constituting *res judicata*, or in not having had a statement of facts prepared and put of record before appealing, or in not having taken a bill of exceptions, or filed here an assignment of errors.

We have passed on the motion to dismiss because it put at issue our jurisdiction. The merits of the case could not have been reached without maintaining our jurisdiction.

Judgment affirmed.