PROVOSTY, J.
[1] In Spearing v. Whitney Bank, 129 La. 613, 56 South. 550, this court said:
“The authorities cited by counsel on both sides announce the rule that where a check of a merchant or trader has been protested for want of funds, although occasioned by a mere mistake in bookkeeping, more than nominal dam *493 ages may be given without proof of actual loss or damage.”
The plaintiff in this case is a “merchant or trader” on a small scale. His cheek for $5.50 was thrown out by the defendant bank, although he had $45 to his credit on its books. The reason assigned was that he did not have an account in the bank. It was simply an honest error; and, as soon as advised of it, the defendant bank wrote to both the drawer and payee of the check in explanation and regret.
[2] The trial court allowed $30 damages; and the appeal is by defendant. Plaintiff has answered the appeal, asking for an increase.
There is no proof of special damages; and the defense is that plaintiff is not entitled to even nominal damages because, as shown by his conduct in subsequently drawing two checks upon the defendant bank after he had closed his account, his case is not one where the turning down of a check could cause injury either to feelings, reputation or credit.
Plaintiff confesses to one of these alleged subsequent checks, hut denies positively as to the other. He explains that he had transferred his' account to another bank and, in drawing a check on this other bank, used a blank of the defendant hank,’ and failed, by inadvertence, to change the name of the bank. He denies that he ever drew the other alleged subsequent check. The cashier of the bank testifies positively to both checks.
Defendant announced that the payee of this subsequent check which plaintiff denied having drawn would be produced — Mr. Hyman, of the firm of Hyman & Co. — but he was not produced, and no explanation for his nonpródnetion was offered. .This is noteworthy in view of the fact that the payee of the other check which plaintiff admitted was produced.
We think plaintiff is entitled to more than nominal damages; but the evidence satisfies us, as it did the learnéd trial judge, that the damage was not very great
Judgment affirmed.