THOMPSON, J.
The plaintiff brings this suit against the New Orleans Railway & Light Company for damages on account of personal injuries received by him in being pushed or jostled off of a Magazine street ear, while said car was in motion and just before stopping at the corner of Gainnie and Magazine streets. The amount sued for is $2,580, and is made up of the following items: For loss of ten days’ time from work, $69; for doctor’s bill, $8; for one knee brace, $3.40; for pain and suffering, $2,000; for future pain and reduced earning power, $500.
[1] On looking into the record with the view of determining our jurisdiction, we are convinced that no more than nominal damages could be allowed plaintiff, and that the greatest' possible amount that may or could be recovered would be much less than $2 000. According to the allegations of the plaintiff’s petition and under his testimony, he was receiving $6.90 a day as wages. He lost ten days, after which he resumed work at $7 a day, being more than he was receiving at the time of the alleged injury. The claim therefore of $500 for loss of earning capacity and for future pain and suffering is patently fictitious in fact and in law. Equally so is the claim for $2,000 for pain and suffering, for, under the evidence, in no event could recovery be had for an amount even approximating $2,000. When the plaintiff fell to the ground, he was assisted in getting up and he walked away. He received a slight bruise on the knee and a slight injury to the kneecap, and he received no other bruises op injury, according to his testimony. We will quote the only part of his evidence touching the question of injury, pain, and suffering for which he claims $2,000.
“Q. Did you pay the doctor anything for attending you?
“A. Yes; eight dollars.
“Q. Was that for setting your kneecap?
“A. He got me to buy. an elastic brace cap.
“Q. Did that cause you any suffering or pain?
“A. I was not able to work with it.
“Q. Did this cause you any suffering or pain?
“A. I was not able to work with it.
“Q. Did it hurt you at all?
“A. At times it would; yes, sir.”
It thus appears that the elastic cap interfered with plaintiff’s working and from that his knee would hurt him at times. The record is silent as to any evidence of any pain and suffering due proximately to the injury to the knee.
[2] In conferring appellate jurisdiction on the Supreme Court, where the amount in dispute exceeds $2,000, the Constitution had reference to real and actual controversies and not to fictitious, unfounded, and inflated claims and demands obviously made to create an appellate jurisdiction. This is made more manifest by the provision which confers original jurisdiction on the Supreme Court for the determination of questions of fact affecting its own appellate jurisdiction. Section 10, art. 7, Constitution 1921.
It has been the uniform ruling of this court to decline jurisdiction in cases where a claim for damages is manifestly fictitious *403 and made merely to entrap the jurisdiction of this court. Hall v. Curtis, 39 La. Ann. 504, 2 South. 44.
[3] And in determining the question of jurisdiction, the court is not bound to accept the allegations of the petition but will look into the record to ascertain the real amount in dispute. Allegations of jurisdictional facts are not the exclusive test of jurisdiction. Wilkins v. Gantt, 32 La. Ann. 929; Lea v. Orleans, 46 La. Ann. 1444, 16 South. 456; Spearing,, v. Whitney Bank, 129 La. 607, 56 South. 548.
In an action for damages when it is apparent that the greatest possible amount that may be recovered is much less than $2,-000, the ¿supreme Oourt is without jurisdiction ratione materke, even though damages in a sum exceeding that amount are -asked in the petition. Wolf v. Stewart, 48 La. Ann. 1431, 20 South. 908; Tierman v. Johnson, 114 La. 112, 38 South. 75.
Adhering to the established precedent, we must decline to entertain this appeal and will send the case to the court having appellate jurisdiction of the amount in controversy.
It is therefore ordered and decreed that this case be transferred to the Oourt of Appeal for the parish of Orleans, and that the appellant pay the costs incurred in bringing the appeal to this court — all other costs to await the final disposition of the case.