For the reasons assigned, the judgment appealed from is affirmed.

Rehearing refused by the WHOLE COURT.

---

(93 South. 880)

No. 24615.

## BUTTNER v. PALMISANO.

(Oct. 30, 1922.)

*(Syllabus by the Court.)*

Costs ⚖️238(I)—Courts ⚖️224(II)—Appeal transferred when claim manifestly inflated to give jurisdiction and costs taxed against plaintiff.

Where plaintiff's claim is manifestly inflated for the purpose of giving appellate jurisdiction to this court, the appeal will not be entertained here, but will be transferred to the proper appellate court; and plaintiff will be taxed with the costs of this court.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Oscar Buttner against John J. Palmisano. From a judgment for defendant, plaintiff appeals. Appeal transferred to Court of Appeal.

Woodville & Woodville, of New Orleans, for appellant.

George F. Bartley, of New Orleans, for appellee.

By the WHOLE COURT.

ST. PAUL, J. Plaintiff alleges: That on September 13, 1919, he purchased from defendant a certain wagon and garden tools for $180, of which he paid $153.50 November 7, 1919, and $27.50 on February 10, 1920. That on February 6, 1920, defendant stopped him on the street, forcibly unhitched petitioner's horse, and took possession of the wagon, and then struck petitioner when he attempted to interfere. That defendant kept the wagon four days, and until the sum of $27.50 (which was then due) had been paid; whereby petitioner lost four days work at $5 per day, $80 in trade permanently withdrawn from him, $1,000 for humiliation and loss of the good opinion and esteem of his neighbors, who witnessed the occurrence, and $2,500 for mental anguish and the bodily fear to which he was put by said defendant.

The defense was that the plaintiff consented that defendant should take and hold the wagon until the balance of $27.50 was paid. The trial judge found for defendant, and plaintiff appealed to this court.

### I.

Not a line of evidence was introduced to show that any of plaintiff's neighbors witnessed the occurrence, or that plaintiff lost any of their good opinion or esteem; and the claim of $2,500 for "mental anguish and bodily fear" is manifestly forced and exaggerated.

Therefore, even if the trial judge erred in finding for defendant (on which we express no opinion), it is clear that plaintiff's claim is palpably inflated for the sole purpose of giving this court jurisdiction on appeal. For it is inconceivable that plaintiff can be entitled to a judgment even approximating the lower limit of our jurisdiction ($2,000).

### II.

In Buck v. Latimer, 151 La. 883, 92 South. 372, and Lo Cicero v. Societa Italiana, 151 La. 887, 92 South. 373, this court said:

"Where plaintiff's claim is manifestly inflated for the purpose of giving appellate jurisdiction to this court, the appeal will not be entertained here, but will be transferred to the

proper appellate court; and plaintiff will be taxed. with the costs of this court."

See, also, Wagner v. N. O. Railway & Light Co., 151 La. 400, 91 South. 817, and Vitrano v. Levy, 151 La. 890, 92 South. 374.

### Decree.

It is therefore ordered that this appeal be transferred to the Court of Appeal for the parish of Orleans, provided that same be lodged in that court within 15 days after this decree becomes final, plaintiff to pay the costs of this court, and all other costs to abide the final result.