LAND, J.
Plaintiff has instituted this suit ¿gainst defendants to recover a judgment in solido against them in the full sum of $26,443.75, as damages for the alleged forcible and tortious "taking from him by defendants of a horse, of the value of $120, the ownership of the animal being claimed by plaintiff.
At the time of this alleged “frontier process,” plaintiff alleges that he was driving a laundry wagon for defendants, and that, because he furnished his own wagon and team, he was receiving a commission of 25 per cent, on all sums collected from his customers for laundry work.
This large sum of damages consists, first, of the loss of this commission of 25 per cent.; second, for mental anguish in the sum of $11,000, alleged to have been occasioned by the fright of the assault and the tortious seizure of his property, and by seeing his horse, after the same had been taken from him, and on a later occasion, whipped by some employees of the company; third, lor punitive damages,.for the alleged assault and tortious seizure of his property, in the sum of $io!ooo.
[1] Punitive or exemplary damages are not recoverable under the law of this state, as has been repeatedly decided. This eliminates the item of $10,000 under this head, and reduces the amount of damages claimed to $16,443.75.
After reading the evidence, it is axiparent that the amount really involved in this case could in no conceivable view be sufficient to vest this court with ar>pellate jurisdiction.
As to the loss of the commission of 25 per cent., it appears from the evidence that, within a few days after plaintiff left the Central Laundry Company, he commenced work for the Ocean Laundry for a commission of 20 per cent.,, with horse and wagon furnished him free. He remained with the Ocean Laundry only two months, and then obtained employment at Leidenheimer’s Bakery, and continued working there for *1005 two or three years. For about a year and a half he has been with the Cloverland Dairy Company.
.•The evidence further shows that laundry companies in the city of New Orleans páy 20 per cent, commissions and furnish drivers with necessary team and wagon.
[2] The loss of the commissions, added to a reasonable compensation for mental anguish, and to the value of the horse, of which plaintiff claims to have been dispossessed, as owner, could not possibly amount, under the facts of this case, to the sum of $2,000.
[3] We may review the evidence in a suit for damages, in order to determine if the amount claimed as damages has been inflated for the purpose of conferring appellate jurisdiction on this court. Wagner v. N. O. Ry. & Light Co., 151 La. 400, 91 South. 817; McMahon v. Bresch, 149 La. 319, 89 South. 17.
In the case of Buttner v. Palmisano, 152 La. 587, 93 South. 880, in which it was charged that defendant had forcibly dispossessed plaintiff of his wagon, by stopping him in the street and unhitching his horse, a claim of $2,500 for mental anguish and bodily fear was held to be manifestly forced and exaggerated, and the case was transferred to the Court of Appeal.
In the case of Buck v. Latimer, 151 La. 883, 92 South. 372, we said:
“Where plaintiff’s claim is manifestly inflated for the purpose of giving appellate jurisdiction to this court, the appeal * * * will be transferred to the proper appellate court, and plaintiff will be taxed with the costs of this court.”
It is therefore ordered that this appeal be transferred to the Court of Appeal for the Parish of Orleans, provided that same be lodged in that court within 15 days after this degree becomes final; plaintiff to pay the costs of this court.