(118 So. 481)

No. 29237.

## GODCHAUX v. STILLE.

May 7, 1928. On Rehearing, Oct. 29, 1928.

So Relle & Willis and Boone & Boone, all of Many (Normann, Breckwoldt & Schwartz, of New Orleans, on application for rehearing), for appellant.

Ponder & Ponder, of Many, for appellee.

BRUNOT, J. This is a suit to compel the defendant to accept a check for $20, the agreed consideration for a 6 months' extension of the time fixed in a mineral, oil, and gas lease for the beginning of drilling operations on 40 acres of land which is described in the contract. The term of the lease was one year, and the consideration therefor was $40, payable semiannually. The lease contains the following provision:

"Said lessee shall have the exclusive right to make as many attempts, as lessee shall desire, to find oil or gas in paying quantities on or in said premises. Lessee may begin operations

.2

in any such attempt at any time within twelve (12) months from the 31st day of July, 1925, and lessee has the right to extension of time in which lessee may begin such operations for successive periods of six (6) months, by paying to lessor in person, or at lessee's option, remitting to the Peoples State Bank of Many, Louisiana, *on or before the first day of such respective six (6) months' period, the sum of* Twenty and no/100 ($20.00) Dollars, with instructions to such bank to place the same to the credit of lessor, or the lessee may mail lessee's check to lessor for said sum in care of bank, payable to lessor, said bank hereby constituted by the lessor, lessor's agent to receive and place such funds to lessor's credit or to receive and deliver the check to lessor, as the case may be. In either of the three methods of making payment the lessee may use lessee's check, *and the date of mailing such check at place of lessee's residence, shall be deemed the date of making payment.*" (Italics by the court.)

The issue which is presented by the petition is whether or not the plaintiff defaulted in the timely payment of $20, the agreed consideration for an extension of the lease.

In a supplemental petition, plaintiff alleges that the value of his rights under the lease is not less than $2,500. There is no other averment in either the original or supplemental petitions which suggests that plaintiff's rights under the lease is of the value of $2,000, exclusive of interest. The appellate jurisdiction of this court is fixed by article 7, § 10, of the Constitution of 1921. In the case of Wagner v. New Orleans Ry. & Light Co., 151 La. 400, 91 So. 817, this court said:

"In conferring appellate jurisdiction on the Supreme Court where the amount in dispute exceeds $2,000, the Constitution had reference to real and actual controversies and not to fictitious, unfounded, and inflated claims and demands obviously made to create an appellate jurisdiction. This is made more manifest by the provision which confers original jurisdicton on the Supreme Court for the determination of questions of fact affecting its own appellate jurisdiction. Section 10, art. 7, Constitution 1921. * * *

"And in determining the question of jurisdiction, the court is not bound to accept the allegations of the petition but will look into the record to ascertain the real amount in dispute. Allegations of jurisdictional facts are not the

exclusive test of jurisdiction. Wilkins v. Gantt, 32 La. Ann. 929; Lea v. Orleans, 46 La. Ann. 1444, 16 South. 456; Spearing v. Whitney Bank, 129 La. 607, 56 South. 548."

In this connection we cite the following cases: Orillion v. Slack, 17 La. 102; Succession of Lynch, 124 La. 127, 49 So. 1002; Wunderlich et al. v. New Orleans Ry. & Light Co., 143 La. 626, 79 So. 80.

Appellee has moved to dismiss the appeal herein for the reason that this court is without jurisdiction ratione materiæ. This suit is to enforce the acceptance of the payment of $20 and to continue in force a contract of lease, the consideration of which is $40 per year, payable semiannually. For the reasons stated, the appeal is dismissed, at appellant's cost.

O'NIELL, C. J., and ST. PAUL, J., dissents.

On Rehearing on Motion to Dismiss.

THOMPSON, J. On the original hearing we dismissed the appeal for want of jurisdiction ratione materiæ on the theory that the only issue presented was whether or not the plaintiff had defaulted in the timely payment of $20 for a 6 months' extension of a mineral lease. The lease covered 40 acres, and the original price was $40. There was no allegation of value in the original petition, but in a supplemental petition it was alleged that the value of the plaintiff's rights under the lease contract was not less than $2,500.

The plaintiff testified on the trial: That he estimated the lease to be worth $2,500. That this was the only way he could arrive at a valuation. The land was worth nothing, and the timber was worth but little.

The plaintiff, after so testifying, was offered the land with all of the timber and oil privileges for $1,500, which offer he declined.

After a reconsideration, we are still of the opinion that we are without jurisdiction to entertain this appeal, as it is not made to appear affirmatively that the matter in dis-

pute has an actual potential value exceeding $2.000.

We should, however, under the circumstances, have transferred the case to the Court of Appeal.

Section 29, art. 7, Constitution 1921, gives to the Courts of Appeal appellate jurisdiction in all civil matters of which the district courts have exclusive original jurisdiction, regardless of the amount involved, and of which the Supreme Court is not given jurisdiction.

The case is one which was within the exclusive original jurisdiction of the district court of Sabine parish, and, the value of the object being less than $2,000, the appeal should have gone directly to the Court of Appeal.

It is therefore ordered that this case be transferred to the Court of Appeal, Second Circuit, sitting at Shreveport, upon the appellant filing the transcript in that court within 30 days from the date this decree is handed down. And on failure to do so the appeal shall be considered as dismissed; the appellant to pay the costs incurred in this court.