199 So. 127

**TEMPLET v. BABBITT et al.**

No. 35985.

Dec. 2, 1940.

C. A. Blanchard, of Donaldsonville, for appellant.

George R. Blum and Sam A. LeBlanc, Jr., both of Donaldsonville, for appellees.

O'NIELL, Chief Justice.

This is a suit to annul a sale of a tract of land, made by the plaintiff to the defendant. The plaintiff set up two alternative causes of action, the first cause being that the price, which was declared in the deed to be $600 paid in cash, was never paid, and the second cause of action being that the property was worth more than $2,000, and hence that if the price had been paid there would have been lesion beyond moiety. The husband of the vendee was made a party defendant on the ground that the property would belong to the matrimonial community if the sale should be held valid.

The defendants pleaded that the demand for annulment of the sale on the ground that the price was not paid was not consistent with the demand for annulment on the ground of lesion beyond moiety; hence the defendants prayed that the plaintiff should be ordered to elect whether to proceed on the first or on the second of her alternative demands. The judge, on the authority of Parker v. Talbot, 37 La.Ann. 22, maintained the defendants' motion and ordered the plaintiff to elect within ten days whether to proceed on the first or on the second of her alternative demands, or suffer a dismissal of her suit at her cost. The plaintiff excepted to the ruling, and, protesting that the only reason why she complied with the court's order was that she was compelled to do so in order to avoid a dismissal of her suit, elected to proceed with her demand to have the sale annulled for nonpayment of the price. The defendants then filed exceptions of no cause or right of action; and the judge, after hearing argument on the exceptions, maintained them and dismissed the plaintiff's suit. She is appealing from the decision.

■■ The defendants have filed a motion to dismiss the appeal for want of jurisdiction, on the ground that the plaintiff's allegation that the value of the property exceeded $2,000 was abandoned when she elected to proceed only on her demand for annulment of the sale for nonpayment of the price. If we should find the plea to the jurisdiction of this court well founded our duty would be, under Act No. 56 of 1904, as amended by Act No. 19 of 1912, not to dismiss the appeal but to transfer the case to the Court of Appeal. The plea to the jurisdiction, however, is not well founded. The plaintiff did not abandon her allegation that the property was worth more than $2,000. She was compelled, in order to avoid a dismissal of her suit, to forego for the time the demand in which she alleged that the property was worth more than $2,000; but she reserved the benefit of that demand by excepting to the judge's ruling, and by protesting against being compelled to elect to proceed only on her other demand. The plaintiff's appeal from the final judgment dismissing her suit will bring up for review the judge's ruling forbidding her to proceed on both of her demands. There is nothing in this record to contradict the plaintiff's allegation that the property is worth more than $2,000, except the declaration in the act of sale, which is being attacked, that the price for which the property was sold was $600. To maintain, in a suit to annul a sale for nonpayment of the price, or, alternatively, for lesion beyond moiety, that the price stated in the act of sale determines the value of the property, would be reasoning in a circle.

■ In determining whether this court or the court of appeal has appellate jurisdiction of a suit, by reason of the amount or value in contest, the court is not obliged to accept the value stated in the plaintiff's petition, but may look into the facts of the case if there is any suggestion of exaggeration in that respect. Wagner v. New Orleans Railway & Light Co., 151 La. 400, 91 So. 817; Buttner v. Palmisano, 152 La. 587, 93 So. 880; Trenchard v. Central Laundry Co., 154 La. 1003, 98 So. 558; Godchaux v.

Stille, 167 La. 1, 2, 118 So. 481. But if there is no showing of exaggeration in that respect the court will accept the allegation of the plaintiff that the amount or value in dispute is more than $2,000. Goodrich v. Newell, 43 La.Ann. 378, 8 So. 921; Spearing v. Whitney-Central National Bank, 129 La. 607, 56 So. 548. Inasmuch as there is no contradiction of the allegation, made under oath in the plaintiff's petition in this case, that the property in dispute is worth more than $2,000, we decline to dismiss the appeal or to transfer the case to the court of appeal.

The motion to dismiss the appeal is overruled.