This is a suit filed by a minor above the age of fifteen years, but duly emancipated by notarial act, who claims that he has been endeavoring to secure employment and earn his livelihood through the trade or occupation which is known in the construction industry as that of plastering, but that he has been deprived, in every effort he made towards that end, by the two named defendants, Paul LeBlanc and Charles Spencer, who have constantly and repeatedly had him dismissed from every job he had secured. He distinctly names these two defendants as being respectively the business agent and the president of Local No. 483 of the Operators Plasterers' and Cement Finishers' International Association of the United States and Canada, which Local 483 operates in the area of the Parish of East Baton Rouge.
He alleges that he came to East Baton Rouge Parish at the beginning of the year 1947 in order to pursue the trade of a plasterer and that he made every effort possible to become a member of the local of the named trade union but that the two defendants refused to admit him on the ground that the Constitution of the Union's International Association provided that no applicant for membership could be initiated into any local until he had completed his full term of apprenticeship to the trade, said term of apprenticeship being for a period of four years or three years and six months within the discretion of the local receiving the application.
He then alleges that he made every effort to become a registered plaster apprentice under the provisions of Act No. 364 of 1938 but that the defendants, with a malicious intent, directed all their efforts as members of the Local Joint Apprenticeship Committee, towards defeating, blocking and refusing to permit him to become a registered plaster apprentice under the provisions of that act.
He then sets out that in three different instances he applied for a job and was employed, but that in each instance, although none involved a closed-shop agreement between the local union and the employer, through the efforts of the said defendants, *Page 184 
he lost his job and was unable to earn his livelihood as he had a right to do.
Finally he alleges that because of the actions of the defendants as set out in various paragraphs of his petition, he has suffered (and here we quote from his petition): "mental pain, anguish, worry and vexation; that his opportunity to establish himself as a permanent employee of the Pittman Construction Company, Inc., (one of the construction companies which had employed him) has in effect been destroyed; that he has lost the opportunity of securing wages for approximately one and one-half years; that his right of pursuing a trade or occupation of his own choosing has been severely damaged; that his right to pursue said trade or occupation of his own choosing in East Baton Rouge Parish, Louisiana, has been completely destroyed." The prayer of his petition, after asking for service of citation, is that "there be judgment in favor of plaintiff, and against the defendants, for a sum equal in amount to the damages suffered by plaintiff because of the wrongful action of the defendants, which amount of damages plaintiff respectfully suggests to the court as" and then follows an itemization of the damages suggested. These are $2000 for mental pain, anguish, worry and vexation; $6000 for loss of opportunity to become a permanent employee of the Pittman Construction Company, Inc.; $3000 loss of wages for one and one-half years; $6000 damages to his right to pursue a trade or occupation of his own choosing and $3000 for destruction of his right to pursue that trade in East Baton Rouge Parish. The total amount is therefore the sum of $20,000.
The jurisdiction of the Courts of Appeal in this State is fixed by Section 29 of Article 7 of the Constitution of 1921 wherein it is stated that, "except as otherwise provided in this Constitution, * * * jurisdiction shall extend to all cases, civil and probate, of which the Civil District Court for the Parish of Orleans, or the District Courts throughout the State, have exclusive original jurisdiction regardless of the amount involved, or concurrent jurisdiction exceeding one hundred dollars, exclusive of interest, and of which theSupreme Court is not given jurisdiction, except as otherwise provided in this Constitution * * *." (Italics ours.) Referring now to the jurisdiction of the Supreme Court which is provided for in Section 10 of Article 7 of the Constitution, it is noted that that court, "shall have appellate jurisdiction in civil suits where the amount in dispute or the fund to be distributed, irrespective of the amount therein claimed, shall exceed two thousand dollars exclusive of interest, except insuits for damages for physical injuries to, or for the death of a person or for other damages sustained by such person or his heirs or legal representatives, arising out of the same circumstances; nor shall such appellate jurisdiction extend to any suit for compensation under any State or Federal Workmen's compensation law, or employer's liability act; * * *." (Italics ours.)
In reading the allegations and the prayer of plaintiff's petition in this case, we are at once struck with the thought that his suit is definitely not one for damages for physical injuries or for other damages sustained by him arising out of any such circumstances, nor is it one for compensation under any Workmen's Compensation Law or employer's liability act, and his demand being for the total sum of $20,000, the question of jurisdiction is one which naturally arises. There was no motion filed to dismiss on the ground of lack of jurisdiction of this court but it is clear that under the settled jurisprudence, that is a question which the court can raise ex proprio motu. The matter was called to the attention of counsel during oral argument and it was suggested that it might be discussed in supplemental briefs to be filed later.
In his brief, counsel for plaintiff brushes. aside the whole question of jurisdiction with the statement that the petition does not demand damages in excess of $2000 but only suggests
that as the criterion for decreeing damages in excess of that amount.
We do not find any merit in the argument that plaintiff is merely suggesting an amount of damages and has not demanded in excess of $2000. We are wondering exactly what is meant by that. If he is not *Page 185 
demanding damages in excess of $2000, what damages is he demanding? If he does not intend to press his demand for an amount in excess of $2000 why doesn't he enter a remittitur for all that is in excess of that amount? When he says that he is merely suggesting an amount as a criterion for awarding damages in excess of $2000 it strikes us that he is still demanding an amount that is in excess of that amount, or else why did he suggest such a large amount? Pursuing that line of argument further, it may as well be said that either he is asking for $20,000 or is not demanding anything at all. The whole tenor of his petition, however, is that he has suffered damages and his purpose in filing suit therefore must be to recover the damages; and since he suggests $20,000 as the amount, that must necessarily be the amount he is attempting to recover. We cannot view his petition and prayer as anything but a demand to obtain a judgment against the defendant in the total sum of $20,000, and viewed as such, considering the nature of the damages alleged to have been suffered, this court is without jurisdiction to entertain the same.
Counsel also intimates in his brief that in deciding the question of jurisdiction in respect to the amount that is in dispute in damage suits not for personal injuries, it must conclusively appear that the amount claimed actually exceeds $2000. Here we say again if the point he is trying to make is that the damages he has suggested are inflated, why doesn't he admit it and enter a remittitur for the amount that is claimed in excess of $2000? On the other hand, conceding that the court itself has the right to consider the question of whether or not the damages claimed are inflated, certainly by reading the plaintiff's petition we would not be inclined to say that he has asked for anything that is unreasonable because these defendants are charged with actions that certainly could force them to answer for rather substantial damages, assuming, of course, that they could be proved on the trial of the case.
We are of the opinion therefore that this court is without jurisdiction of this case and that the appeal should have been to the Supreme Court.
For the reasons stated, it is therefore ordered that, in accordance with the provisions of Act No. 19 of 1912, the appeal in this case be transferred to the Supreme Court, within sixty days from the finality of this decree, otherwise, the appeal to stand dismissed.