REGAN, Judge.
Plaintiff instituted this suit to reform an act of sale into an act of mortgage on the ground of fraud and error and pleaded, in the alternative, for its annulment on the ground of lesion beyond moiety.
Defendant filed exceptions of no right or cause of action which were overruled and then answered denying the allegations of plaintiff’s petition and maintained that the act of sale “speaks for itself, and is not subject to explanation or attack” and, in the alternative, defendant pleaded that “further consideration” existed for the sale other than actually recited in the act.
From a judgment in favor of plaintiff, annulling the sale and declaring plaintiff to be the owner of the property, defendant prosecutes this appeal.
*132 The record reveals that plaintiff, in her petition, set up two alternative causes of action, the first of which was to reform an “act of sale for $1.00 plus the assumption of a mortgage for $1,006.71” into an act of mortgage for $300.00, and the second cause of action was for annulment of the act of sale on the ground of lesion beyond moiety in that the property described in the act of sale “was worth in excess of $5,250.00” and was sold “for a consideration of less than $1400.00”.
Defendant has admitted that the property is worth $5,500.00 and that although the act of sale recites as consideration $1.00 plus the assumption of a mortgage for $1006.71, defendant actually paid $300.-00 in cash or a total consideration of $1,307.71 for the property in question'.
Counsel herein have not raised the question of our jurisdiction, however, we have taken cognizance of the foregoing facts, and have ourselves raised the question of this court’s jurisdiction.
Counsel for defendant contends that “the main demand in this case is the reformation of an act of sale for $1100.00 into an act of mortgage for $300.00. The prayer for lesion beyond moiety is another incidental demand’’ and “since no interlocutory order was ever issued fixing the value of the property,” the only thing before the Civil District Court at the time this case was submitted for decison was whether the act of sale for $1.00 should be reformed into an act of mortgage for $300.00, which was the main demand of plaintiff — “hence this court has appellate jurisdiction”.
We are of the opinion that the amount in dispute exceeds our appellate jurisdiction. The plaintiff herein, in her petition, set up two alternative causes of action, which she has pursued both in the court, a qua, and on appeal. The defendant’s appeal from the final judgment of the lower court brings up for review by this court both of plaintiff’s demands, to-wit: the plea for reformation of the act and lesion beyond moiety. There is not one scintilla of evidence in this record to contradict the plaintiff’s allegation in connection with her plea of lesion beyond moiety that the property in dispute is worth more than $5,250.00. On the contrary, there is an admission in the record by defendant that the property possesses a value of approximately $5,500.00.-
In our opinion the case of Templet v. Babbitt, 196 La. 303, 199 So. 127, 128, decided by the Supreme Court, with Judge O’Niell as the organ thereof, is apposite and controlling here. That was a suit to annul a sale of a tract of land made by the plaintiff to the defendant. The plaintiff set up two alternative causes of action, the first cause being that the price, which was declared in the deed to be $600.00 paid in cash, was never paid, and the second cause of action being that the property was worth more than $2,000.00, and hence that if the price had been paid there would have been lesion beyond moiety. Defendants pleaded that the demand for the annulment of the sale on the ground that the price was not paid was not consistent with the demand for the annulment on the ground of lesion beyond moiety; hence defendants prayed that the plaintiff should be ordered to elect whether to proceed on the first or on the second of her alternative demands. The court maintained the defendant’s motion and ordered plaintiff to elect whether to proceed on the first or on the second of her alternative demands or suffer a dismissal of her suit. Plaintiff excepted to the ruling but in order to avoid a dismissal of her suit, elected to proceed with her demand to have the sale annulled for nonpayment of the price. Defendants then filed exceptions of no right or cause of action and the judge maintained them and dismissed plaintiff’s suit. Plaintiff appealed to the Supreme Court from this judgment. In the Supreme Court defendants filed a motion to dismiss the appeal for want of jurisdiction, on the ground that plaintiff’s allegation that the value of the property exceeded $2,000.00 was abandoned when she elected to proceed only on her demand for the annulment of the sale for nonpayment of the price. The court held:
“The plea to the jurisdiction, however, is not well founded. The plaintiff did not *133 abandon her allegation that the property was worth more than $2,000. She was compelled, in order to avoid a dismissal of her suit, to forego for the time the demand in which she alleged that the property was worth more than $2,000; but she reserved the benefit of that demand by excepting to the judge’s ruling, and by protesting against being compelled to elect to proceed only on her other demand. The plaintiff’s appeal from the final judgment dismissing her suit will bring up for review the judge’s ruling forbidding her to proceed on both of her demands. There is nothing in the record to contradict the plaintiff’s allegation that the property is worth more than $2,000, except the declaration in the act of sale, which is being attacked, that the price for which the property was sold was $600. * * *
“In determining whether this court or the court of appeal has appellate jurisdiction of the suit, by reason of the amount or value in contest, the court is not obliged to accept the value stated in the plaintiff’s petition, but may look into the facts of the case if there is any suggestion of exaggeration in that respect. Wagner v. New Orleans Railway & Light Co., 151 La. 400, 91 So. 817; Buttner v. Palmisano, 152 La. 587, 93 So. 880; Trenchard v. Central Laundry Co., 154 La. 1003, 98 So. 558; Godchaux v. Stille, 167 La. 1, 2, 118 So. 481. But if there is no showing of exaggeration in that respect the court will accept the allegation of the plaintiff that the amount or value in dispute is more than $2,000. Goodrich v. Newell, 43 La.Ann. 378, 8 So. 921, Spearing v. Whitney-Central National Bank, 129 La. 607, 56 So. 548. Inasmuch as there is no contradiction of the allegation, made under oath in the plaintiff’s petition in this case, that the property in dispute is worth more than $2,000, we decline to dismiss the appeal or to transfer the case to the court of appeal.”
We are vested with discretion by virtue of the provisions of Act No. 19 of 1912. to transfer to the Supreme Court any case in which the amount involved exceeds our maximum jurisdictional monetary amount, and exercising such discretion we conclude that this matter should be so transferred.
Under date of March 3, 1950, there was presented to our Clerk, a document entitled “Petition of intervention and interpleader”, signed by the Misses Agnes and Annie Lewis, the sisters of the plaintiff herein. We have never formally ordered that this intervention be filed herein and, inasmuch as we are of the opinion that the monetary amount in dispute in this case exceeds our appellate jurisdiction, we have not considered the document and are, for obvious reasons, transferring it, together with the whole record, to the Supreme Court.
For the reasons assigned it is ordered, adjudged and decreed that this appeal be transferred to the Supreme Court of Louisiana, provided that appellant shall file the transcript of the case, together with a copy of this decree, in the Supreme Court within sixty days from the finality of this judgment; otherwise the appeal is to stand as dismissed. Costs of this court are to be paid by appellant.
Appeal transferred to Supreme Court.
JANIVER, J., absent.