McBRIDE, Judge.
Plaintiff brought this suit against defendant on two separate causes of action. One, sounding in tort, is for $1,000.00. The other cause of action is for the nullity of a sale made by plaintiff’s maternal grandmother to defendant, of certain real property in Gret-na, Louisiana, by deed which recited that the purchase price was $1,000.00. In the latter action, plaintiff seeks, on three alternative grounds, to have the sale declared a nullity: first, that his grandmother made the sale under duress and undue influence and without consideration; second, that if there was consideration given, as recited in the act of sale, it was a subterfuge and was returned to the purchaser; third, that the sale is tainted with lesion beyond moiety, as the property was actually worth more than $2,500.00.
The defendant filed a plea that the demand for the annulment of the sale because of the nonpayment of the purchase price was inconsistent with the other two alternative demands, and thereupon the lower court ordered plaintiff to show cause why he should not be required to elect which of the inconsistent remedies he would pursue. The rule nisi was made absolute, and the judge directed plaintiff to elect on what cause of action he would proceed. Plaintiff alleging himself to be aggrieved by the ruling of the court, appealed to the Supreme Court.
The defendant-appellee filed a motion in the Supreme Court to dismiss the appeal, which motion was considered by the court and denied. See 204 La. 972, 16 So.2d 537.
Subsequently, the Supreme Court, of its own motion, held that, whereas the appeal was taken from an interlocutory judgment, and as the appellant had failed to show that the judgment would cause him irreparable *85 injury, the appeal should be dismissed. See 216 La. 461, 43 So.2d 794.
After the dismissal of his appeal, plaintiff, with full reservation of all of his rights, elected to go forward on the action for rescission of the sale, on the allegations that there was a nonpayment of the purchase price.
Defendant then filed exceptions of vagueness and no cause or right of action, which were maintained by the court, and from the judgment maintaining them and dismissing his suit, plaintiff has appealed to this court.
Defendant-appellee now moves for a dismissal of the appeal, alleging that the amount involved exceeds our maximum jurisdiction, and that, therefore, we are without right or authority to hear, try, or determine the matter.
The motion to dismiss is undoubtedly meritorious. First, there is the claim for $1,000.00 damages, and secondly, there is the claim for a rescission of the sale of property alleged to be worth more than $2,-500.00, which allegation as to the value of the property is not contradicted by any other part of the record, and there appears no suggestion whatever that the stated price is inflated or exaggerated.
This case is amazingly similar to Templet v. Babbitt et al., 196 La. 303, 199 So. 127, 128, which was a suit to annul the sale of land made by the plaintiff to the defendants. The petition set up two alternative causes of action, the first being that the price, which was declared in the deed to be $600.00 in cash, was never paid, and the second cause of action being that the property was worth more than $2,000.00, and hence that if the price was $600.00 had been paid, there was lesion beyond moiety. The defendants filed a plea, which was maintained by the lower court, that the alternative demands were inconsistent, and plaintiff was ordered to elect whether she would proceed on the first or second alternative demand, or suffer a dismissal of her suit. She elected to proceed with the demand to have the sale annulled because of the nonpayment of the price. Subsequently, the defendants filed, and the court maintained, exceptions of no cause or right of action, and plaintiff appealed to the Supreme Court. Defendants moved for a dismissal of the appeal, on the ground that the amount involved was less than the minimum jurisdiction of the Supreme Court. The motion to dismiss the appeal was denied. Chief Justice O’Niell, who was the author of the opinion, said:
“The defendants have filed a motion to dismiss the appeal for want of jurisdiction, on the ground that the plaintiff’s allegation that the value of the property exceeded $2,-000 was abandoned when she elected to proceed only on her demand for annulment of the sale for nonpayment of the price. * * The plea to the jurisdiction, however, is not well founded. The plaintiff did not abandon her allegation that the property was worth more than $2,000. She was compelled, in order to avoid a dismissal of her suit, to forego for the time the demand in which she alleged that the property was worth more than $2,000; but she reserved the benefit of that demand by excepting to the judge’s ruling, and by protesting against being compelled to elect to proceed only on her other demand. The plaintiff’s appeal from the final judgment dismissing her suit will bring up for review the judge’s ruling forbidding her to proceed on both of her demands. There is nothing in this record to contradict the plaintiff’s allegation that the property is worth more than $2,000, except the declaration in the act of sale, which is being attacked, that the price for which the property was sold was $600. To maintain, in a suit to annul a sale for nonpayment of the price, or, alternatively, for lesion beyond moiety, that the price stated in the act of sale determines the value of the property, would be reasoning in a circle.
“ * * * But if there is no showing of exaggeration in that respect the court will aocept the allegation of the plaintiff that the amount or value in dispute is more than $2,000. Goodrich v. Newell, 43 La.Ann. 378, 8 So. 921; Spearing v. Whitney-Central National Bank, 129 La. 607, 56 So. 548. Inasmuch as there is no contradiction of the allegation, made under oath in the plaintiff’s petition in this case, that the property in dispute is worth more than $2,-000, we decline to dismiss the appeal or to transfer the case to the court of appeal.”
*86 Under authority of the sited case, we are constrained to hold that the amount involved exceeds $2,000.00, and clearly we have no jurisdiction of this appeal, and under Act 19 of 1912, LSA-RS 13:4441, 4442, which vest us with the right to transfer to the proper appellate tribunal the record in any case where the appeal was brought up through a mistaken belief in the jurisdiction, instead of dismissing the appeal, we believe that we should order its transfer to the Supreme Court of Louisiana.
It is now ordered, adjudged, and decreed that this appeal be transferred to the Supreme Court of Louisiana, pursuant to law, which transfer is ito be effected within sixty days counting from the finality of this decree, and if such transfer should not be made within that time, then and in that event the appeal is to stand as (though it had been dismissed. Plaintiff-appellant is to defray the costs of the appeal to this court.
Appeal transferred to Supreme Court.