HOFFPAUIR, Judge ad hoc.
The plaintiff in this suit seeks the nullity of a judgment which decreed the partition of property owned jointly between him and the defendant and the subsequent sale of the property under the authority of the judgment. The defendant has filed exceptions of no cause and no right of action to the petition.
The allegations of plaintiff’s petition show that a judgment was rendered March 21, 1952 in the matter captioned Louis B. Dimiceli v. John J. Accardo, No. 11,427 of the docket of the 22nd Judicial District Court sitting in and for St. Tammany Parish, recognizing the parties as owners in indivisión of certain real estate described in that petition. The judgment ordered a partition by licitation of the property and in due course, after delays and proper advertisement, the property was sold at public auction and followed by an act of sale before a Notary Public. The judgment and the sale are being attacked on the grounds that the appraisers and experts appointed to evaluate the property to be partitioned did not take the oath as required by law, did not make an inventory, and the evidence upon which the court decided that the property could not be partitioned in kind was not signed by the Court Reporter. It is also- alleged that no description of the property appears in the judgment ordering the sale by licitation and that the property, valued in excess of $9,-000, was sold for the sum of $250.
The trial judge sustained the exceptions of no cause and no right of action and dismissed plaintiff’s suit. A devolutive appeal was granted and has been perfected to this court by plaintiff.
In reading the allegations in plaintiff’s petition in this -case we notice that it is- not one for damages for physical injury or for any other damages sustained by him arising out of any such circumstances, nor is it one for compensation under Louisiana Workmen’s Compensation Act. LSA-R.S. 23:1021 et seq. The question which necessarily arises, therefore, is upon what grounds this court can entertain jurisdiction of the appeal. The plaintiff has alleged that the property is valued in excess of $9,000 and which remains uncontra-dicted in the record. There was no motion filed to dismiss on the grounds of lack of jurisdiction of this court, but it is clear that under the settled jurisprudence that it is a question which the court can raise ex proprio motu. Hornsby v. LeBlanc, La. App., 39 So.2d 183.
In the case of Templet v. Babbitt, 196 La. 303, 199 So. 127, 129, the Supreme Court of Louisiana had the following to say in regard to the determination of appellate jurisdiction;
“In determining whether this court or the court of appeal has appellate jurisdiction of a suit, by reason of the amount or value in contest, the court is not obliged to- accept the value stated in the plaintiff’s petition, but may look into the facts of the case if there is any suggestion of exaggeration in that respect. Wagner v. New Orleans Railway & Light Co., 151 La. 400, 91 So. 817; Buttner v. Palmisano, 152 La. 587, 93 So. 880; Trenchard v. Central Laundry Co., 154 La. 1003, 98 So. 558; Godchaux v. Stille, 167 La. 1, 2, 118 So. 481. But if there is no showing of exaggeration in that respect the court will accept the allegation of the plaintiff that.the amount or value in dispute is more than $2,000. Goodrich v. Newell, 43 La.Ann. 378, 8 So. 921; Spearing v. Whitney-Central National Bank, 129 La. 607, 56 So. 548. Inasmuch as there is no contradiction of the allegation, made under oath in the plaintiff’s petition in this case, that the property in dispute is worth more than $2,000, we decline to dismiss the appeal or to transfer the case to the court, of appeal.”
*350 The Court of Appeal for the Parish of Orleans followed the holding of the Babbitt case in Angelette v. Hardie, 50 So.2d 84.
We cannot say that in this case the alleged value of the property was purposely exaggerated and there is nothing in the record to contradict the allegation. In fact, under the exception of no cause of action, this well pleaded fact must be taken as being admitted. Plaintiff appellant has urged in brief that the case of Adger v. Oliver, 222 La. 793, 64 So.2d 6, is authority for this court to retain jurisdiction of this suit. With this we cannot agree. In that case all of the litigants stipulated after judgment that the value of the property in dispute was in excess of $2,000 which would confer jurisdiction. upon the Supreme Court. The court dismissed this argument and transferred the suit to the court of appeal. In the instant case, the pleadings affirmatively show the value of the property in dispute to be in excess of $2,000 and is therefore distinguished from the Adger case.
It is therefore ordered, adjudged and decreed that this case be transferred to the Supreme Court of the State of Louisiana and the appellant is given 60 days from the finality of this judgment in which to have it lodged there; otherwise it is to be deemed as dismissed for want of jurisdiction by this court. Cost of this appeal to be -paid by the appellant.