No. ——

First Circuit

——

ABS v. SCOGGIN

——

(June 26, 1926. Opinion and Decree.)

——

*(Syllabus by the Editor)*

1. **Louisiana Digest—Landlord and Tenant —Par. 33.**

The leaving of an ice-box, saws, blocks, etc., in a building after it had been vacated by the tenant does not show a reconduction of the lease.

2. **Louisiana Digest—Damages—Par. 3.**

One cannot recover for damages to an ice-box, saws, blocks, etc., which he left on the premises of another if he was repeatedly requested to remove them and refused to do so. The damages in this case are due to his negligence in refusing to remove them.

Appeal from the Parish of St. Tammany. Hon. Prentiss B. Carter, Judge.

. Action by Mike Abs against V. C. Scoggin.

There was judgment for plaintiff and defendant appealed.

Judgment reduced and affirmed.

Miller & Miller, of Bogalusa, attorneys for plaintiff, appellee.

L. V. Cooley, Jr., attorney for defendant, appellant.

MOUTON, J. Plaintiff leased a building to defendant at $12.50 per month. Defendant, on March 2, 1923, executed his note in favor of plaintiff for $50.00 for four months rental. He sues defendant on this note; also for $50.00 more for four months rental and for an additional sum of $50.00 for damages alleged to have been caused by defendant to shelves and counters in the building.

The defendant admits the note is due, but claims $345.00 in reconvention for the destruction or injury to an ice-box, meat saws, blocks, ice hooks and linoleum, less the amount of the note.

Judgment was rendered against defendant for $98.00 and rejecting his reconventional demand. He appeals and plaintiff prays for an increase of $50.00 in the judgment.

The proof shows that when the note for $50.00 was made on March 2, 1923, that it was given plaintiff in full payment for the rent to that date; that the lease was then terminated and that the keys of the building were returned to plaintiff. The ice-box, saws, blocks, etc., remained in the building. Four months after defendant had left the premises, the saws, blocks and ice-box were removed from the building by plaintiff, who is now claiming rent in the sum of $50.00, for the time these articles remained in the building before their removal. If these articles were in his way plaintiff was at perfect liberty to remove

them immediately after defendant surrendered the building, or at such time that would have suited his convenience. This removal could have been made at defendant's risk and expense. The fact that these articles were permitted to remain in the building did not effect a reconduction of the lease so as to give plaintiff the right to recover rent for the four months, dating from the termination of the lease to the time of their removal, nor for the value of the use of the building, as it was optional with plaintiff either to remove the articles or to permit them to remain where defendant had left them after surrendering the lease. Plaintiff also claims damages in the sum of $50.00 for damages done to shelves and counters. As to the shelves, it seems they were made of boards nailed to the wall. As to the counters, it is doubtful if any existed when the building was leased. There is no proof to show injury to shelves or counters, and plaintiff has therefore no claim for damages for this item.

Defendant is asking $295.00 in reconvention for the destruction or damage to an ice-box, meat saws, blocks, etc. The record fails to show that these articles were either destroyed or seriously damaged when they were removed from the building by plaintiff. The proof shows that defendant was requested repeatedly by plaintiff to take these articles away from the building and that defendant had failed to comply with the request. It was clearly the duty of defendant to remove them from the building, as he had been asked to do so on several occasions. He unquestionably had the right to remove these articles which he permitted to remain in the premises regardless of his own duty and the solicitations of the plaintiff. If, under such circumstances, they were thereafter injured or damaged whilst being removed by

plaintiff, defendant has but himself to blame, and can not recover damages therefor. The district judge correctly rejected defendant's reconventional demand.

It is therefore ordered, adjudged and decreed that the judgment appealed from be reduced to the sum of fifty ($50.00) dollars with legal interest from the 17th of April, 1923, and as thus amended it be and is hereby affirmed.