OVERTON, J.
 

 This is a suit for damages for breach of a contract of lease, and to have the lease annulled or rescinded. The suit was dismissed by the trial court on an exception of no cause of action.
 

 It appears from the petition that plaintiff was, for some years prior to October, 1924, engaged in the restaurant business in the vicinity- of Commercial Place, in the city of New Orleans. During the greater part of 1924, he occupied, as the lessee of a stranger to this suit, the premises No. 632 Commercial Place. Prior to September, 1924, plaintiff’s lessor and defendant prevailed upon him to surrender his lease on 632 Commercial Place
 
 *530
 
 and to lease instead the ground floor store at 622 Commercial Place so that the building occupied by him could be changed into an office building. The old lease was surrendered and a contract of lease was entered info between plaintiff and defendant for the premises 622 Commercial Place, at $100 a month, the lease to run for one year, beginning October 24, 1924, with the privilege of renewal for one year. The lease was attached to plaintiff’s petition, and therefore forms part of the petition. It contains the following provision, which is also set forth in the petition, to wit:
 

 “The Lessor, at her own expense, is to paint and renovate the herein leased premises before October, 1924, and place in the said buildings plumbing and drains for the lessee’s business, the said plumbing and drains to be placed to suit the tenant in connection with his restaurant and soft drink establishment; and the lessor is further, at her own expense, to build over the rear yard a glass skylight.”
 

 The lease, attached to the petition, also contains the following provisions, to wit:
 

 “Should the lessor agree to make improvements to premises, the lessee agrees, if the lessor deems it impossible or impractical to make said improvements before possession is given, that lessor will not be required to begin improvements until lessee is duly installed in the property, and lessee waives all claim to rent diminution if said repairs are made during lessee’s occupancy. * * * ”
 

 “The lessor will not be responsible for any vices or defects of the leaséd property, or for the consequences of said vices or defects, or for failure to deliver possession of the leased premises at the date herein fixed for possession. Lessee, however, will receive a credit on the rent for such time as lessee is deprived of the use of the premises, but lessor will not be liable in any other manner. * * * ”
 

 At the appointed time plaintiff took possession of the leased premises. At that time, the improvements agreed upon had not been made, and were not made up to May 28,1925, two days before the filing of this suit, although. plaintiff made repeated demands on defendant, through her authorized agent, to make them, and put her in default. Plaintiff alleges that defendant, instead of carrying out her agreement to make the repairs and improvements, which she bound herself in the lease to make, improved the place next door to the one leased by him from her, to enable a tenant, to whom she had leased the place next door, to open and conduct the identical business in which he was engaged and take his business away from him, greatly to his injury and damage, while leaving the place leased by him neglected. Plaintiff then alleges that he has paid the rent for the months of October, November, and December, 1924, and has tendered it up to the time this suit was filed, but that the tender was refused. lie then alleges that, because of defendant’s failure to make the repairs notwithstanding repeated demands upon her to do so, he has a right to have the lease annulled and to recover damages.
 

 By way of damages, plaintiff seeks to recover the three months’ rent paid, as well as the balance of rent stipulated for the remainder of the lease, the total of this item amounting to $1,200; also the loss in profits from receipts from October 1, 1924, to September 30, 1926, amounting to $12,520; and $5,000, as punitory damages, for the willful destruction of his business by defendant.
 

 Plaintiff is not entitled to recover the rent paid, for the reason that for the period for which the rent was paid he had the use of
 
 *532
 
 the building. Nor is plaintiff entitled to recover for the rent stipulated for the remainder of the lease, for the reason that he has not paid it, and therefore is not entitled to its return. Nor is plaintiff entitled to recover the punitory damages for which he sues. Punitory damages are not recoverable in this state. Trenchard v. Central Laundry Co., Limited, 154 La. 1003, 98 So. 558; Vincent v. Morgan’s Louisiana & T. R. & S. S. Co., 140 La. 1027, 74 So. 541.
 

 A graver question presented is whether plaintiff shows a cause of action for the loss •of profits alleged. It is alleged that he does not show a cause of action on this phase of the case, because his remedy was not to rely on an action for damages, but was to refuse, in the beginning, to accept the leased premises, or to take possession thereof, until the repairs or improvements were made, or, if he elected to take possession thereof, which he did, to make the repairs and improvements and deduct their cost from the rent.
 

 The position here taken by defendant is not well founded. Plaintiff had entered into a binding contract with defendant for the lease of the premises. By the very terms of the contract defendant was not obligated to make the improvements, if she deemed it impossible or impractical to do so, until plaintiff was duly installed in the building. Until that time plaintiff was hardly in position to enforce a compliance with the contract or rescind it. He had no absolute right to expect the making of the improvements which it was agreed should be made until he was duly installed in the building. Nor do we think that plaintiff was called upon to make the repairs and improvements and deduct their cost from the rent. Defendant relies on articles 2693 and 2694 of the Civil Code, and the jurisprudence thereunder, to support the position that such was the duty of plaintiff. Article 2693 reads as follows:
 

 “The lessor is bound to deliver the thing in good condition, and free from any repairs. He ought to make, during the continuance of the lease, all the repairs which may accidentally become necessary; except those which the tenant is bound to make as hereafter directed.”
 

 Article 2694 reads as follows:
 

 “If the lessor do not make the necessary repairs in the manner required in the preceding article, the lessee may call on him to make them. If he refuse or neglect to make them, the lessee may himself cause them to be made, and deduct the price from the rent due, on proving that the repairs were indispensable, and that the price which he has paid was just and reasonable.”
 

 It is the contention of defendant that the right granted by the article, last quoted, to make necessary repairs, if the lessor, after notice, fail to do so, made it obligatory on plaintiff to make the improvements and repairs and deduct their cost from the rent, or else suffer, without redress, such damage as might ensue. It will be observed, however, that the articles quoted refer to necessary repairs, arising during the continuance of the lease. The work, which it was agreed to have done and which is specifically mentioned in this instance, with the exception of the painting, was not, properly speaking, repairs, but was alterations and improvements. Moreover, the necessity for the repairs and improvements did not arise during the existence of the lease, but they were expressly contracted to be done at the time of making the contract. Defendant had no right to cast the responsibility of making the repairs and improvements on plaintiff by failing to comply with her express obligation to make them.
 
 *534
 
 There is possibly but one exception that would have required plaintiff to make the repairs and improvements rather than to have suffered the loss, and that is that the cost of making them would be so inconsiderable, comparatively speaking, as to make it equitable that plaintiff should have made them to avoid the damage, but, if so, that does not appear, and is a matter of defense to be considered on the merits.
 

 Defendant also urges that the provision of the lease, quoted above, relative to the non-responsibility of the lessor for vices and defects of the leased premises, or for the consequences of such vices and defects, or for failure to deliver possession of the premises on the date fixed, with the proviso that the lessee, however, shall be entitled to a credit on the rent for such time as he may be deprived of the use of the property, but shall be liable in no other manner, is destructive of plaintiff’s cause of action for the loss of profits. That provision, however, was not intended to destroy, and does not destroy, a cause of action for loss of profits, based upon a breach of the contract to make repairs and improvements; the contract having been breached, it is alleged, to enable one of plaintiff’s competitors to take away his business. The provision refers to causes of action different from the one here presented.
 

 As relates to the cause of action for the annulment of the lease, it is unnecessary to consider it, for the reason that the lease has long since expired.
 

 The trial court sustained the exception of no cause of action. As plaintiff shows a cause of action for loss of profits, the judgment will have to be amended.
 

 For the reasons assigned, the judgment appealed from is amended by overruling the exception of no cause of action as to the cause of action for loss of profits, and, as thus amended, the judgment is affirmed and the case is remanded to be proceeded with in accordance with the views herein expressed, defendant to pay the costs of this appeal, the costs of the lower court to abide the final decision of the case.