YARRUT, Judge.
This appeal is a sequel to the original suit between the same parties which this court remanded to the district court. The remand was to determine whether or not the Defendant-lessor could justify his refusal to accept a subtenant of Plaintiff-lessee and yet accept him as its own lessee.
In the original hearing the lower court maintained an exception of no cause of action and dismissed Plaintiff’s suit. We held that (1) the pertinent allegations of a petition must be accepted as true for the purpose of deciding an exception of no cause of action; (2) a prohibition against subleasing is to be construed strictly against lessee, since the covenant is for the benefit of lessor as it is in his interest to determine who shall be a tenant of his property, LSA-C.C. art. 2725; (3) where, lessee is not permitted to sublet without written consent of lessor, lessor cannot unreasonably, arbitrarily or capriciously withhold his consent, LSA-C.C. art. 2725; and (4) a petition alleging that lessee applied to lessor for written consent to sublease, that lessor refused to permit the sublease, but did lease other space to the tendered sublessee, stated a cause of action for cancellation of lease, since tendered sublessee was actually acceptable to lessor, and lessor could not refuse lessee permission to sublease. See Gamble d/b/a Kitchens by Cameron v. New Orleans Housing Mart, Inc., La.App., 154 So.2d 625, and refusal of certiorari by the Supreme Court, 244 La. 1027, 156 So.2d 229.
The lease between Plaintiff-lessee and Defendant-lessor was for a three-year fifteen-day term, at a monthly rental of $242.25, for a ground-floor section (646 sq. ft.) of its main building, with janitorial services, air conditioning and utilities furnished, located at the lessor’s premises in New Orleans known as “The Housing Mart.”
Upon remand and after hearing, the district judge rendered judgment in favor of Plaintiff-lessee cancelling the lease as of October 15, 1961, and awarding Plaintiff damages in the amount of $6,177.38, with legal interest from that date and 10% attorney’s fees, subject to a credit of $4,360.50, the amount which Plaintiff deposited in the registry of the court as payment of the monthly rent as it accrued during the pending litigation without prejudice. The court also dismissed Defendant-lessor’s re-conventional demand for $4,360.50 rent to the expiration of the lease plus interest and 10% attorneys fees.
The testimony and photographs show conclusively that Plaintiff-lessee retained the keys to the premises and kept a number of large sealed wooden boxes in the premises; went to and entered the premises at its pleasure and it was only at the expiration of the lease that the contents were removed by the Plaintiff-lessee and given to the Goodwill Industries, Inc. Plaintiff-lessee contends that this was a lot of useless junk and that leaving it on the premises didn’t constitute an occupancy by it. In its reasons for judgment the district court said:
“The use of the premises by the plaintiff after October 15, 1961, was primarily casual and intermittent, and was of no advantage nor value to the plaintiff in view of his having another and more advantageous location where he actually carried on all of his business operations.”
We cannot agree with the district court. A lessee cannot recover rent paid as damages for breach of contract of lease where he had the use of the premises during the period for which the rent was paid. Finnin v. Balter, 168 La. 527, 122 So. 716. As stated above, the record is clear and unequivocal that the Plaintiff-lessee used the premises until the expiration of the lease for storing seven or eight large crates apparently filled with merchandise; and in addition, retained possession of the keys and visited the premises at will. It was only at the expiration of the lease that it surrendered the keys and removed these contents from the premises.
*221 A case in point, but easily distinguishable from the case at bar, is Abs v. Scoggin, 4 La.App. 601. In the cited case the lease had terminated by contractual limitation, the lessee vacated the premises and surrendered the keys to the lessor, but left on the premises an ice box, saws and some blocks. It was contended in the cited case that this constituted a reconduction of the lease. The court held no. That case differs from the case at bar, in that the case at bar doesn’t involve a lease terminated by contractual limitation but one continuing subject to the outcome of a suit by the lessee to have the lease cancelled because of the lessor’s alleged bad faith in refusing to accept a tendered sublessee and then accepting the sublessee as its own. Further, in this case a large number of sealed wooden boxes were left on the premises, the lessee retained the keys, and visited the premises at intervals until the lease terminated by contractual limitation, at which time, and only then, did the lessee have the contents removed. Briefly, the cited case involved the question of the reconduction of a contractually terminated lease, while this case involves the question whether the lessee continued possession pending the outcome of his suit to cancel the lease because of the bad-faith refusal of the lessor to accept his tendered sublessee.
The Plaintiff-lessee contends that the large boxes left on the premises contained a lot of useless junk and the lessor could have entered the premises and removed the same. To have done this the lessor would have ejected the Plaintiff-lessee and caused the cancellation of the lease.
Under the circumstances, the issues in the original suit are moot. The lease has expired by contractual limitation and the lessee owes lessor rent for the full term of this lease because it occupied and controlled the premises for the full term.
Accordingly, the judgment of the district court awarding judgment to Plaintiff-lessee for $6,177.38, plus interest and 10% attorney’s fees, is reversed, as well as the judgment dismissing Defendant-lessor’s recon-ventional demand for $4,360.50 rent deposited in the registry of the Civil District Court, and judgment rendered in favor of Defendant-lessor, as reconvenor, and against Plaintiff-lessee Cameron B. Gamble d/b/a “Kitchens by Cameron,” as Defendant in reconvention, in the full sum of $4,360.50 with legal interest from judicial demand plus 10% attorney’s fees; Plaintiff-lessee to pay all costs in both courts.
Reversed and rendered.