303 So.2d 558 (1974)
FRIENDLY FINANCE, INC.
v.
CEFALU REALTY INVESTMENT, INC.
No. 9980.
Court of Appeal of Louisiana, First Circuit.
November 12, 1974.
*560 Sam J. D'Amico, Baton Rouge, for appellant.
Warren L. Mengis, Baton Rouge, for appellee.
Before LOTTINGER and COVINGTON, JJ., and BAILES, J. Pro Tem.
BAILES, Judge Pro Tem.
This is a sequel to Friendly Finance, Inc. v. Cefalu Realty Investment, Inc., which was before this Court, 278 So.2d 584 (1973), writs denied, 281 So.2d 747. The first suit was an action brought under the declaratory judgment procedure seeking to have a lease declared breached. Therein this Court affirmed the trial court determination that Cefalu Realty Investment, Inc. (Cefalu), had violated its obligations as lessor under its lease with Friendly Finance, Inc. (Friendly). The lease was declared terminated as of April 17, 1971. Writs were denied by the Supreme Court in that matter on August 29, 1973.
After writs were denied, Friendly instituted the present litigation for damages, seeking the sum of $24,327.12 for refund of rental paid on the 543 Main Street premises subsequent to April 17, 1971, for increased rental at the 803 Main Street premises, moving expenses, printing and advertising related to the address change, necessary renovation at the new premises and for attorney's fees. Cefalu defended, denying that Friendly owed rental after April 17, 1971, on a quantum meruit basis because Friendly had left certain items behind when it vacated the premises.
The trial judge rejected Cefalu's position and its reconventional demand and rendered judgment in favor of Friendly and against Cefalu in the sum of $13,727.41, with legal interest and costs. The trial judge awarded damages for the following items:

Rent paid subsequent to April 17, 1971 $9,383.00
Increased monthly rental at 803 Main
Street between April 17, 1971 and
August 29, 1973 2,705.00
22% of remodeling expenses at 803
Main Street 1,639.41

The trial court rejected Friendly's claims for moving expenses, advertising costs, certain utility charges and attorney's fees. Cefalu timely appealed; Friendly neither appealed, nor did it answer Cefalu's appeal.
On this appeal, Cefalu assigns four specifications of error:
(1) The trial judge erred in granting Friendly judgment for the increased rental at 803 Main Street;
(2) The trial judge erred in granting Friendly judgment for a portion of the remodeling expenses at 803 Main Street;
(3) The trial judge erred in allowing Friendly to recover the rental paid to Cefalu subsequent to April 17, 1971;
(4) The trial judge erred in denying Cefalu's reconventional demand for rental after April 17, 1971.
Before we consider Cefalu's specifications of error, the extent of Cefalu's legal liability to Friendly must be determined.
The general legal principles applicable to matters of the instant nature are found in our Civil Code:
Article 2696: "If the lessee be evicted, the lessor is answerable for the damage and loss which he sustained by the interruption of the lease."
Article 1934: "Where the object of the contract is any thing but the payment of money, the damages due to the creditor for its breach are the amount of the loss he has sustained, and the profit of which he has been deprived, under the following exceptions and modifications:
"1. When the debtor has been guilty of no fraud or bad faith, he is liable only for such damages as were contemplated, or may reasonably be supposed to have entered into the contemplation of the parties at the time of the contract. By bad faith in this and the next rule, is not meant the mere breach of faith in not complying with the contract, but a *561 designed breach of it from some motive of interest or ill will.
"2. When the inexecution of the contract has proceeded from fraud or bad faith the debtor shall not only be liable to such damages as were, or might have been foreseen at the time of making the contract, but also to such as are the immediate and direct consequences of the breach of that contract; but even when there is fraud, the damages can not exceed this. ..."
Construing these articles together and applying the same to the facts appearing in the record of this proceeding, we are convinced, as was the trial judge, that Cefalu was legally in bad faith in its actions, and therefore is liable to Friendly not only for damages as might have been foreseen at the time of execution of the lease but also for those damages which flowed immediately and directly from Cefalu's breach of the lease. See Knapp v. Guerin, 144 La. 754, 81 So. 302, 306 (1919).
This threshold inquiry, of course, is whether a tenant evicted prior to the expiration of his lease is entitled to recover at all for remodeling and renovation of the new premises into which he is compelled to move.
Counsel agree that no Louisiana case squarely answers whether any portion of the costs of renovations and repairs to the premises into which the evicted lessee has removed himself are recoverable as damages. However, the opposite side of the question has long been settled. In Knapp v. Guerin, supra, the Supreme Court considered whether a lessee who had made improvements to the leased property and who was evicted prior to the expiration of the lease term was entitled to recover any of the costs of the improvements. The question was answered in the affirmative, and damages were calculated upon the basis of the value of the improvements, proportioned over the remaining term of the lease. In a comparable factual situation, the same approach was followed in Leake v. Hardie, La.App., 245 So.2d 729, the court commenting:
"Even where the lease provides (as here) that improvements are to be the property of the lessor, the lessee makes the improvements for his own use and enjoyment during the term of the lease, and at least where the lessor's action deprives the lessee of that use and enjoyment, the lessee is entitled to recover a proportionate cost of the value of improvements contemplated by the lease ...." 245 So.2d 731.
Clearly, therefore, if Friendly had made improvements on the Cefalu premises prior to its eviction and had made claim therefor, it would have a cause of action for the cost of the improvements in proportion to the unexpired lease term. We perceive no sound reason why a like cause of action should not exist in the instant situation. Under the applicable law, however, even in light of Cefalu's bad faith, the latter is liable only for the "immediate and direct" consequences of the breach of the lease. Within the context of the instant case, this means Cefalu is liable for the cost of securing premises substantially comparable to those from which Friendly was evicted. Whether the two premises were comparable after renovation is a question of fact. The trial judge disallowed some of the claimed expenses, such as the cost of a flag pole, new draperies and certain wages Friendly paid its employees during the transition period and cost of transfer of utilities. We concur that these items were properly disallowed.
Turning now to specifications of error No. 1 and No. 2, we find the trial court erred in awarding Friendly both the differential in rental of $2,705.00 and the renovation expenses of $1,639.41 for lack of adequate and legal proof of comparability.
The proof offered by plaintiff was the conclusional testimony of its president-manager, *562 Vernon Adkins, that the premises were comparable. The proof submitted is self-serving, not factual, and of little probative value. Much more could be involved in the physical comparability that the size of the area. The following two questions and answers is the only evidence on this issue offered by plaintiff:
"Q. After you had completed the renovation, how did the 803 Main Street compare with your location at 543 Main Street?
"A. It was about the same; I'd say they were comparable.
"Q. Would this comparability include the square footage as well as the decor, etc.?
"A. Yes, it was, the square footage was approximately the same, but the arrangement was different.
These claims for damages must be rejected for lack of proof.
Cefalu's third and fourth assignments of error may be considered together. Friendly continued to pay the monthly rental to Cefalu while the first suit was pending, through the date of denial of writs, for total payments of $9,383.00 subsequent to the date determined to be the time of the breach of the lease. Now Friendly seeks refund of these sums, and Cefalu, through its reconventional demand, seeks to retain the same as reasonable rental on a quantum meruit basis. The trial court allowed the full refund requested by Friendly, and denied the reconventional demand.
The law is clear that a lessee cannot recover rental paid while it has possession of the leased premises. See Finnin v. Balter, 168 La. 527, 122 So. 716, 717 (1929) and Gamble v. New Orleans Housing Mart, Inc., 173 So.2d 219, 220 (La.App. 4th Cir. 1965). Friendly objected to any testimony relating to its continued occupancy of the premises after April 17, 1971, pleading res judicata and contending that the question of its occupancy of the premises had been fully litigated in the first suit between the parties. Friendly, of course, is correct in pointing out that its alleged possession subsequent to April 17, 1971, was discussed in the first suit.
We have fully examined the record as to these two specifications of error. We find no error in the judgment of the trial court. The trial court ruled that the issue was not res judicata. It is true the question of occupancy of the premises by Friendly was fully litigated in the first between the parties. Even so, under LSA-C.C. Article 2286 and the holding of Quarles v. Lewis, 226 La. 76, 75 So.2d 14 (1954) the issue was not res judicata, however, the result is the same. No new evidence was presented to support the position of Cefalu that Friendly did occupy the premises. Essentially it is the same evidence before us as was before the court in the first suit. The trial court ruled that Friendly had not occupied the premises, and in this holding we find no error.
Friendly is entitled to a refund of all rent paid subsequent to April 17, 1971, for the reason the lease was declared breached as of that date. That judgment in the first suit ended Friendly's obligations under the lease, including the payment of rent. The overpayment to Cefalu amounted to $9,383.00. Friendly is entitled to judgment for this amount.
For the reasons assigned, the judgment appealed from is amended to reduce the amount awarded the plaintiff to the sum of $9,383.00. Defendant is to pay all court costs, except plaintiff is assessed with the cost of this appeal.
Amended and affirmed.