# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

Patrick J.  Fisher, Jr.                                    Elisabeth A. Shumaker
Clerk                                                      Chief Deputy Clerk

January 14, 1998

**TO:**  ALL RECIPIENTS OF THE CAPTIONED ORDER AND JUDGMENT

**RE:**  96-6250, *United Associates v. Walmart Stores*
December 8, 1997

By order of this date the Court has entered an order directing publication of the order and judgment entered on December 8, 1997.  A copy of the published version is attached for your convenience.

Very truly yours,

Patrick Fisher, Clerk

Keith Nelson
Deputy Clerk

encl.

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 8 1997**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

# UNITED STATES COURT OF APPEALS
# TENTH CIRCUIT

---

UNITED ASSOCIATES, INC.,

    Plaintiff-Appellant,

v.

WAL-MART STORES INC., a
Delaware corporation,

    Defendant-Appellee,

    and

JOHNSON FOODS INC., an
Oklahoma Corporation,

    Third-Party Defendant.

No. 96-6250

---

Appeal from the United States District Court
for the WesternDistrict of Oklahoma
(D.C. No. CIV-93-1287-A)

---

Gary R. Underwood (A. Daniel Woska, with him on the briefs), of Woska Helms
Dowd Underwood & Hasbrook, Oklahoma City, Oklahoma, for Plaintiff-
Appellant.

Jon B. Comstock, Senior Corporate Litigationn Counsel, Wal-Mart Stores, Inc., Bentonville, Arkansas, for Defendant-Appellee.

---

Before **SEYMOUR**, Chief Judge, **LOGAN**, Senior Circuit Judge, and **MURPHY**, Circuit Judge.

---

**SEYMOUR**, Chief Judge.

At issue in this diversity action is the interpretation under Oklahoma law of a commercial lease between Wal-Mart, the lessee, and United Associates, the lessor. The district court granted Wal-Mart's motion for summary judgment and denied United's cross-motion. United appeals. We review the district court's grant of summary judgment de novo. See Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996).

On September 1, 1983, Wal-Mart entered into a 20-year lease with United's predecessor in interest to rent premises in a shopping center in Muskogee, Oklahoma. The lease includes the following pertinent provisions:

(a)  a fixed annual rent of $ 104,595.00 and an additional percentage of the gross sales if the sales reach a certain level;

(b)  a right to assign or sublet the lease without the consent of the landlord;

(c)  a use clause stating that "[i]t is understood and agreed that the Demised Premises will be used by Lessee in the operation of a discount department store, but Lessor agrees the Demised Premises may be used for any lawful purpose" except as a supermarket or grocery store, Aplt. App. at 181;

(d)  a right "at any time" to "remove any and all fixtures, goods and equipment installed by [the Lessee] in or on the Demised Premises,"

Aplt. App. at 187;

(e)    a right, which extends to any of Wal-Mart's assignees or sublessees, to make alterations to the premises for business purposes;

(f)    a default clause which is triggered if the premises are "deserted for more than thirty (30) days," Aplt. App. at 191, and

(g)    an integration clause.

Wal-Mart operated a discount store on the premises from September 1983 to October 1990, when Wal-Mart closed its store and moved. Before relocating, Wal-Mart assigned the lease to Omega Limited Partnership, and Omega in turn subleased the premises to Johnson Foods, Inc. It is undisputed that Wal-Mart is current on all financial obligations under the lease.

We address first United's argument that the district court erred in declaring the lease unambiguous. The Oklahoma Supreme Court has held that "a lease is in the nature of a contract and is controlled by principles of contract law." Mercury Inv. Co. v. F.W. Woolworth Co., 706 P.2d 523, 529 (Okla. 1985). We must therefore interpret this lease "so as to give effect to the intent of the parties at the time the contract was formed." Id. "*[W]here a contract is complete in itself and, as viewed in its entirety, is unambiguous, its language is the only legitimate evidence of what the parties intended.*" Id. Our review of the lease persuades us the district court was correct in holding that the lease here, viewed in its entirety, is unambiguous.

United next asserts that Wal-Mart breached the express language of the lease by moving out of the premises. Since it is undisputed that the lease contains

no express continuous operation clause, United relies on the default clause which provides that Wal-Mart is in default if "the Demised Premises shall be deserted for more than thirty (30) days." Aplt. App. at 95.[1] At the outset, we note that "[a] contract must be considered as a whole so as to give effect to all its provisions without narrowly concentrating upon some clause or language taken out of context." Mercury, 706 P.2d at 529. Other provisions of the lease allow Wal-Mart to assign or sublet the lease without consent for any purpose other than a supermarket and to remove any fixtures, goods, and equipment at any time. The lease also permits any of Wal-Mart's sublessees or assignees to alter the premises for business purposes. The lease thus clearly contemplates a situation where Wal-Mart removes its goods and allows an assignee or sublessee to move in and conduct another business on the premises. Reading the lease as a whole and in light of the fact that Wal-Mart has remained current on all financial obligations, it would be illogical to conclude that Wal-Mart's actions amount to desertion within the meaning of the lease.

---

[1]United also argues that the use clause requires Wal-Mart to operate a discount store on the premises. However, the broad language of the use clause here allows the premises to be used for any lawful purpose except as a grocery store or supermarket. In any event, the Oklahoma Supreme Court has held that use clauses are restrictive and not mandatory in nature, i.e., such clauses simply restrict the permissible uses of the space but do not impose a mandatory obligation to actually use the space in the manner proscribed. See Monte Corp. v. Stephens, 324 P.2d 538, 539 (Okla. 1958).

United finally contends that Wal-Mart violated implied obligations in the lease. The common law imposes an implied covenant of good faith and fair dealing on all contracts made in Oklahoma. See First Nat'l Bank v. Kissee, 859 P.2d 502, 509 (Okla. 1993). We are persuaded that Wal-Mart has not breached this covenant simply by exercising its rights to assign the lease and remove its goods from the premises under valid, bargained-for provisions of the lease. Cf. Devery Implement Co. v. J.I. Case Co., 944 F.2d 724, 728-29 (10th Cir. 1991) (holding under Oklahoma law that implied covenant of good faith not violated by exercise of otherwise valid, bargained-for termination-at-will clause). United urges this court to find other implied obligations in the lease such as an implied covenant to operate a discount store. As a general rule, implied covenants are disfavored. Mercury, 706 P.2d at 530. Moreover, Oklahoma courts refuse to rewrite a lease by implying a covenant that is contrary to the express terms for which the parties have bargained. See id. at 532, 534. To imply an obligation of continuous use here would plainly contradict the express terms of the lease and would result in rewriting the parties' agreement, which we will not do. Cf. Grisaffi v. Dillard Dep't Stores, Inc., 43 F.3d 982 (5th Cir. 1995) (refusing to imply obligation of continuous operation in face of express right to assign or sublet); Cascade Drive Ltd v. Wal-Mart Stores, Inc., 934 F.2d 61, 62 (5th Cir. 1991) (same).

We **AFFIRM** the district court.