DOUCET, Judge.
The trial judge found the defendant realtor had breached its agreement to sell a certain tract of real estate and awarded plaintiff damages. Defendant appeals. We affirm.
Plaintiff, John Edwards, a practicing attorney in Opelousas, secured a purchase agreement from an agent of the Leroy Cobb Real Estate Agency relative to a tract of land owned by an estate under administration. . Thereafter, plaintiff brought suit seeking specific performance of the aforesaid agreement. In response, defendant Cobb answered admitting all allegations and filed a third-party demand premised upon lack of authority to sell, against Frank Dobson, attorney for the succession, and the heirs who were alleged landowners.
The heirs secured summary judgments against Cobb and Edwards. Dobson also-secured a summary judgment against Edwards and that judgment is now final. Edwards secured a summary judgment recognizing the validity of the contract and ordering Cobb to specifically perform. When the realtor was unable to tender the property, plaintiff sought damages. The trial judge found the realtor had no authority from the succession representative to bind the heirs and found the agent exceeded his authority and therefore was liable for damages occasioned by breach of the purchase agreement. Plaintiff was awarded $23,-160.00, representing the trial judge’s estimation of the appreciation of the value of the property. Defendant’s third party demand against succession representative Dobson was dismissed.
As aforementioned, plaintiff secured a summary judgment against Cobb recognizing the validity of the contract to sell and ordering specific performance. That judgment is now final due to defendant's failure to appeal same insofar as it pertains to claims between Edwards and Cobb except for damages occasioned by the latter’s failure to tender. Cobb has appealed only the judgment awarding damages.
The appellant, Leroy Cobb, failed to file any assignments of error or specifications of issue as required by Uniform Rules, Court of Appeal, Rules 2-12.4 [1] 1-3[2], how *1273 ever, argument was made in brief to the effect that plaintiff was obliged to investigate the authority of the real estate agent to determine the validity of the purchase agreement, and the trial judge erred in finding the contract between the realtor and succession representative was only a “listing agreement”.
Appellant contends he was led astray by the document entitled “Listing Agreement”, signed by succession representative Frank Dobson. However, the document is free from ambiguity and states the owner has the right to reject any offer. That the document was only a listing agreement is evidenced by testimony relative to exclusion of a house and two acres from the tract to be sold. Such a listing agreement does not vest the real estate broker with the power to bind the owner to convey real estate. Fleming v. Romero, 342 So.2d 881 (La.App. 3rd Cir.1977). Indeed, Mr. Cobb testified that he had only an exclusive listing and did not have a power of attorney to sell the property-
Appellant also contends the buy-sell agreement was nothing more than a binding offer from attorney John Edwards. However, the record discloses that Edwards would not sign a listing agreement but,.instead, requested a buy and sell contract. Representative Roy Shehane then returned to the Cobb Real Estate offices and discussed the matter with Mr. Cobb. Subsequently, Mr. Shehane returned to plaintiffs office and the parties executed the contract to buy and sell which reserved unto Edwards the right to specific performance. Mr. Cobb represented that he had authority to sell the land and by this contract he bound himself to deliver the property. When confronted with this contract, Mr. Dobson stated that he lacked the authority to sign such a contract on behalf of the succession.
The trial judge assigned the following reasons for judgment, which we adopt as our own:
“1) Leroy Cobb had no authority from Frank Dobson to bind the Estate of Earl Jennings or any other party having an interest in the tract of land which is the subject of this suit. His authority, instead, was to secure or receive offers pursuant to the listing agreement signed by Dobson. That agreement cannot be construed as an agency or power of attorney to convey title to the subject property or to enter into any agreement with a prospective purchaser by which specific performance could be enforced. By his own testimony on trial, he admitted that he had no right to sign for any seller. In Fleming v. Romero, 342 So.2d 881, the Court, quoting Tomlinson v. Allen, 152 La. 41, 92 So. 727 (1922), said:
“Except where the power to complete a sale, or to enter into a contract sale, binding on the principal, is clearly given to the broker by the terms of his contract of employment, the ordinary authority of a real estate broker employed to sell real estate is merely to find a purchaser who is ready, able, and willing to enter into a contract on the terms specified by, or acceptable to, the principal; and, in the absence of such special authorization, he has no authority to enter into a contract to sell, or to sell and convey, binding on the owner...”
2) Cobb, on the other hand, executed a valid and binding agreement to deliver the property described in the contract to buy and sell, dated April 28, 1976. That contract, marked Dobson-2 in evi *1274 dence, initially signed on his behalf by his admitted agent, Mr. Shehane, and thereafter signed by him, was not, according to the testimony, executed until Shehane, on inquiry by Edwards as to his authority to sell, checked with his parties in Baton Rouge, after which he assured Edwards that he did, in fact, have such authority, and it was at Shehane’s suggestion that the reciprocal right of specific performance was written into the instrument which Edwards prepared. That instrument, with its attached addendum, and subject to its exceptions and/or exclusions, was the contract between the parties. By exceeding his authority under his listing agreement with Dobson, Cobb became liable for any resulting damages suffered by Edwards since the contract specifically stated that the $10,000 deposit by Edwards was not to be construed as earnest money.
3) When Cobb did not deliver the property as per his agreement, Edwards sued for and obtained summary judgment ordering specific performance within a prescribed time, reserving to Edwards the right to prove damages if Cobb could not perform. Cobb, failing to deliver, the plaintiff is relegated to damages. It does not appear that the contract to buy and sell specifies a specific delivery date except that possession was not to be delivered until the sale was executed. This being the case, putting in default was necessary, which was accomplished when suit was filed on April 28, 1977, as provided under LSA-C.C. art. 1911(2).
4) The testimony indicates that the property appreciated in value by $23,160 between the date of the agreement on April 28, 1976 and February 1, 1977. I feel that sum fairly represents the loss sustained in market value as a result of Cobb’s breach, and that sum shall be awarded.”
Where an appellant fails to specify alleged errors, we limit the scope of review to inspection for errors apparent from the face of the record. Segal & Vest v. Litovich, 14 La.App. 687, 130 So. 817 (1930); Goodrich v. Newell, 43 La.Ann. 378, 8 So. 921 (1891). We have reviewed the record and have discovered no error warranting reversal. Accordingly, the judgment appealed is affirmed at appellant’s cost.
AFFIRMED.
STOKER, J., concurs and assigns reasons.
DOMENGEAUX, J., concurs for the reasons assigned by STOKER, J.

. 2-12.4. Appellant’s Brief. The brief of the appellant or relator shall set forth the jurisdiction of the court, a succinct syllabus or statement of the principles of law relied upon with corresponding citations of authority, a concise statement of the case, the action of the trial court thereon, a specification or assignment of alleged errors relied upon, the issues presented for review, an argument confined strictly to the issues of the case, free from unnecessary repetition, giving accurate citations of the pages of the record and the authorities cited, and a short conclusion stating the precise relief sought.
Citations of cases shall be to volume and page of the official reports (and when possible to the unofficial reports). It is recommended that where United States Supreme Court cases are cited, all three reports be cited, e.g., Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). When a decision from another state is cited, a copy thereof should be attached to the brief.
The argument on a specification or assignment of error in a brief shall include a suitable reference by volume and page to the place in the record which contains the basis for the alleged error. The court may disregard the argument on that error in the event suitable reference to the record is not made.
All specifications or assignments of error must be briefed. The court may consider as abandoned any specification or assignment of error which has not been briefed.
The language used in the brief shall be courteous, free from vile, obscene, obnoxious, or offensive expressions, and free from insulting, abusive, discourteous, or irrelevant matter or criticism of any person, class of persons or association of persons, or any court, or judge or other officer thereof, or of any institution. Any violation of this Rule shall subject the author, or authors, of the brief to punishment for contempt of court, and to having such brief returned.
Source:
S.Ct., R 7, S 6.
C.A., R 9, S 3 and S 6.

. Rule 1-3. Scope of Review
The scope of review in all cases within the appellate and supervisory jurisdiction of the *1273 Courts of Appeal shall be as provided by LSA-Const. Art. 5, § 10(B), and as otherwise provided by law. The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.
Source:
C.A., R 9A.
See also La.C.C.Pro. art. 2162, allowing dismissal of appeals where "under the rules of the appellate court, the appeal has been abandoned.”