STOKER, Judge,
concurring.
I concur in the affirmation of the trial court’s judgment and in the reasoning of the opinion from this court in support of the opinion. I also agree that the appellant’s brief is not articulated as required by the Uniform Rules of the Courts of Appeal. Nevertheless, a brief was filed on behalf of appellant in this court. The last paragraph of the majority opinion appears to suggest that no brief was filed on appellant’s behalf in this court. Had no brief been filed, we might have considered the appeal as abandoned. It appears to me that failure to represent or present the appellant’s position was the problem in the case of Segal & Vest v. Litovich, 14 La.App. 687, 130 So. 817 (1930). In Goodrich v. Newell, 43 La. Ann. 378, 8 So. 921 (1891), there was apparently no record from the trial court below, as well as no brief or assignment of errors. In those cases the appeals were, in effect, treated as abandoned. The problem here is that, although a brief was filed on behalf of appellant, it is most difficult to follow the arguments set forth in the brief. No doubt it would have been helpful if appellant’s brief had contained a specification of errors. I think we have attempted to follow the arguments set forth by counsel in appellant’s brief and to discover what the complaint is. In my opinion, the real deficiency of appellant’s brief is that it fails to set forth with clarity or persuasiveness any meritorious position in this appeal.
As noted in the majority opinion the requirement of an assignment of errors by an appellant in a civil case is prescribed by court rule. The requirement is that an “assignment of alleged errors relied upon” *1275 be included in the appellant’s brief. Assignments of error in criminal cases are required by the Code of Criminal Procedure in Article 844. The functions of such assignments are entirely different from the briefing requirement in civil eases. In criminal eases, as spelled out in Article 844, the assignment is a procedure which must be accomplished prior to briefing. Its function is to fix the issues prior to consideration by the appellate tribunal. Among other reasons, the advance assignment permits the trial court to submit any per cu-riam comments as it may desire. See comments under LSA-C.Cr.P. art. 844. Also, the assignment of errors limits the scope of review on appeal. Article 920 of the Code of Criminal Procedure provides:
“Art. 920. Scope of appellate review
“The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”
As noted in paragraph two of this article, the doctrine of error “patent on the face of the record” is applicable in criminal cases as provided by statute. I am not at all certain that it applies in civil cases.
It seems to me that in criminal cases the doctrine is directed to discovery of obvious infringement of basic constitutional rights which may affect life and liberty. No such protection is extended to civil litigants and the burden is on them to pursue their appellate rights on their own. Moreover, the majority opinion deals fully with the facts and the apparent issues; therefore, we have not in fact confined ourselves to an inspection of the record for patent errors.
In view of these comments, I feel that the last paragraph of the majority opinion may possibly be misleading. Therefore, I do not subscribe to the holding of that paragraph. Consequently, I concur as indicated above.